IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | § § § |
| *Plaintiff,* | § § § |
| v. | § CIVIL ACTION NO._____ § § § |
| AHD HOUSTON, INC. | § § |
| *Defendant*. | § **JURY TRIAL DEMANDED** |

## PLAINTIFF'S ORIGINAL COMPLAINT

1. This is an action under the Age Discrimination in Employment Act (the "ADEA") 29 U.S.C. § 621, *et seq*., to correct unlawful employment practices on the basis of age, and to afford appropriate relief to Mary Bassi ("Ms. Bassi" or "the Charging Party") who was adversely affected by such practices. Defendant AHD Houston, Inc. ("AHD" or "Defendant") unlawfully discriminated against Ms. Bassi by subjecting her to harassment because of her age and to disparate treatment and different terms and conditions of employment compared to younger employees, and by discharging her because of her age.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 7(b) of the ADEA, as amended, 29 U.S.C. § 626(b), which incorporates by reference Sections 16(c) and 17 of the Fair Labor Standards Act of 1938 (the "FLSA"), as amended, 29 U.S.C. §§ 216(c) and 217.

3. Venue is proper within the jurisdiction of the United States District Court for the Southern District of Texas, Houston Division.

1

4. The employment practices alleged to be unlawful were committed in Houston, Texas, which is within the jurisdiction of the United States District Court for the Southern District of Texas, Houston Division.

## PARTIES

5. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of the ADEA and is expressly authorized to bring this action by Section 7(b) of the ADEA, 29 U.S.C. § 726(b), as amended by Section 2 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and by Public Law 98-532 (1984), 98 Stat. 2705.

6. At all relevant times, Defendant AHD Houston, Inc. has continuously been a Texas corporation doing business in the State of Texas, the City of Houston and Harris County, Texas, and has continuously had at least twenty (20) employees. In the alternative, Defendant has continuously owned and/or operated more than one subsidiary or business entity under an assumed name or "d/b/a" designation. Together, these entities have shared with Defendant an interrelation of operations, centralized control of labor relations, common management, and common ownership or financial control. Defendant, together with these entities, acting as an integrated enterprise, has continuously employed twenty (20) or more employees.

7. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 11(b), (g) and (h) of the ADEA, 29 U.S.C. §§ 630(b), (g) and (h).

8. Defendant may be served with process by serving its registered agent, Ronald A. Monshaugen at 1225 North Loop West, Suite 640, Houston, Texas 77008.

**STATEMENT OF CLAIMS**

9. More than thirty days prior to the institution of this lawsuit, Mary Bassi filed a charge with the Commission alleging violations of the ADEA by AHD.

10. All conditions precedent to the institution of this lawsuit have been fulfilled, including the timely filing of charges and an attempt to conciliate the matter within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

11. Defendant AHD is an adult entertainment business which owns and operates several strip clubs or locations under various assumed names which cater almost exclusively to male customers. During the relevant time period, AHD operated these various establishments as an integrated enterprise.

12. Since at least August 2005, Defendant has engaged in unlawful employment practices. These unlawful actions were in violation of Sections 4(a)(1) and 7(b) of the ADEA, 29 U.S.C. §§ 623(a)(1) and 626(b).

13. In addition to female entertainers, dancers or "strippers", AHD employs female employees as waitresses and bartenders. Defendant hired Ms. Bassi as a waitress in 1993, and over the next 13 years she worked solely in that capacity at several different locations owned and operated by AHD. In May 2002, Ms. Bassi began working, again as a waitress, at the "Cover Girls" strip club location owned by AHD as part of its integrated enterprise, and she continued to work there until her discharge in August 2006, at age 56.

14. In August 2005, Chris Malusa ("Malusa") became the manager for Cover Girls. Malusa, who was in his 30's, almost immediately began making disparaging comments about Ms. Bassi's age, which was over forty. For example, Malusa often referred to the Charging Party as "old," and repeatedly questioned her about her age. On at least one occasion, Malusa

told Ms. Bassi she was exhibiting signs of Alzheimer's disease when she forgot something. Jere Gibbons, another manager at the Cover Girls location, participated in the age-based harassment of the Charging Party, frequently joking about her age and making comments that she was experiencing menopause.

15. Malusa began hiring younger female waitresses and also scheduled younger, newly hired waitresses to work shifts Ms. Bassi desired and was available to work. AHD treated younger waitresses, including those under the age of forty, more favorably than Ms. Bassi, who held the same job and was otherwise similarly situated to the younger waitresses.

16. On August 25, 2006, Ms. Bassi was abruptly fired and was not given a reason for the termination. At the time of her termination, the Charging Party had been performing her duties well and had no recent disciplinary actions.

17. The effect of these unlawful practices has been to deprive Ms. Bassi of equal employment opportunities, and to otherwise adversely affect her status as an employee because of her age, over 40.

18. The unlawful employment practices complained of in paragraphs 11-16 above were willful within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

**PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, successors, assigns, and all persons in active concert or participation with Defendant, from engaging in age harassment and discrimination, and any other employment practice which discriminates on the basis of age.

B.	Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with Defendant, from engaging in retaliation against employees who make good-faith complaints of discrimination or who otherwise oppose discriminatory conduct.

C.	Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for applicants and employees regardless of their age, and which eradicate the effects of its past and present unlawful employment practices.

D.	Order Defendant to make whole Mary Bassi who was victimized by unlawful age discrimination complained on in paragraphs 11-16 by providing appropriate back pay in an amount to be determined at trial, and due to the willfulness of Defendant's actions, an equal sum as liquidated damages or prejudgment interest in lieu thereof.

E.	Order Defendant to make whole Mary Bassi by providing any other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to, reinstatement where appropriate or an award of front pay in an amount to be proved at trial if reinstatement is impractical.

F.	Order Defendant to make whole Mary Bassi by providing reimbursement of out-of-pocket expenses incurred as a result of the unlawful practices complained of in paragraphs 11-16 above.

G.	Grant such further relief as the Court deems necessary and proper in the public interest, including post-judgment interest.

H.	Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION

JAMES LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel
131 M Street, N.E.
Washington, D.C. 20507


 /s/ Connie K. Wilhite
Connie K. Wilhite
Attorney-in-Charge
Texas Bar No. 00792916
Southern Dist. of Texas No. 23624
Equal Employment Opportunity Commission
1919 Smith Street, 6th Floor
Houston, Texas 77002
(713) 209-3390
(713) 209-3402 [facsimile]
connie.wilhite@eeoc.gov

OF COUNSEL:

Jim Sacher
Regional Attorney

Rose Adewale-Mendes
Supervisory Trial Attorney

Equal Employment Opportunity Commission
1919 Smith Street, 6th Floor
Houston, Texas 77002